IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ADEBOWALE JIMOH, et al.,

    Plaintiffs,

       v.

KIKA SCOTT, Director of U.S. Citizenship and Immigration Services, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:24-CV-2765-TWT

**OPINION AND ORDER**

This is an action for injunctive relief under the Administrative Procedures Act. It is before the Court on the Plaintiffs' Motion for Summary Judgment [Doc. 17] and the Defendants' Cross-Motion for Summary Judgment [Doc. 24]. For the following reasons, the Plaintiffs' Motion for Summary Judgment [Doc. 17] is DENIED and the Defendants' Cross-Motion for Summary Judgment [Doc. 24] is GRANTED.

**I. Background[1]**

Plaintiff Adebowale Jimoh is a 42-year-old Nigerian citizen. (Second Amended Certified Administrative Record ("CAR"), Doc. 20-2, at 2). He is

---

[1] The operative facts on the Motions for Summary Judgment are typically taken from the parties' Statements of Undisputed Material Facts and the responses thereto. However, neither party provided Statements of Undisputed Material Facts here. The Court will therefore deem the parties' factual assertions in their Motions, where supported by evidentiary citations, admitted unless the respondent makes a proper objection under Local Rule 56.1(B).

married to Plaintiff Sade McLean. (CAR, Doc. 20-1, at 49). The Plaintiffs met in December 2018 when Jimoh was visiting the U.S. to attend a summit related to his work. (CAR, Doc. 20-2, at 43-44). McLean was working as an Uber driver and picked Jimoh up. (CAR, Doc. 20-1, at 49). Before coming to the U.S., Jimoh was married in Nigeria to a woman named Patience Ineeneh. (CAR, Doc. 20-2, at 28, 38). According to Jimoh, he and Ineeneh lawfully divorced on November 12, 2017. (*Id.* at 28, 39). After he entered the U.S. but before he married McLean, Jimoh was also married to Erica Hawkins. (*Id.* at 27). The two divorced in Fulton County on July 1, 2019. (*Id.*).

As relevant to the present Motions, on February 24, 2023, McLean filed an I-130 Petition seeking to classify Jimoh as her spouse and naming him as beneficiary. (CAR, Doc. 20-1, at 15). Jimoh filed an accompanying I-485 Application for adjustment of status that same day. (*Id.* at 9). The Plaintiffs appeared before USCIS for an interview, after which USCIS sent them a Notice of Intent to Deny ("NOID"). (*Id.* at 27-33, 49-62). In the NOID, USCIS explained that the record evidence did not establish that Jimoh's prior Nigerian marriage to Ineeneh had been legally terminated and, therefore, McLean had failed to establish that she and Jimoh had the requisite bona fide spousal relationship. (*Id.* at 31-32). The Plaintiffs submitted more evidence in support of the I-130 Petition, but USCIS ultimately denied it, along with the I-485 Application, on December 4, 2024. (*Id.* at 9-19).

In the denial decision, USCIS relied on several discrepancies it found in the record with regard to Jimoh's prior marriage. First, USCIS noted that the Plaintiffs submitted a certificate of divorce from the Customary Court of Ekiti State, Nigeria that showed Jimoh's divorce from Ineeneh was final on June 5, 2017, but the certificate contained a judiciary seal, and USCIS determined that the Customary Court did not use such a seal. (*Id.* at 17). It also noted that affidavits from Jimoh's mother and brother-in-law explained that the bride price paid as part of his Nigerian marriage was returned on August 14, 2017, which finalized the traditional marriage as of that date, but in 2022, the Plaintiffs submitted a copy of a decree nisi and decree absolute that indicated the marriage was dissolved on November 12, 2017. (*Id.*). Further, both decrees were issued the same day, but Nigerian law requires three months to pass in between the issuance of the decree nisi and the decree absolute. (*Id.*). USCIS also pointed out that Jimoh had stated he married Ineeneh on February 14, 2009, but that the certificate of divorce he submitted and the decree nisi both stated the marriage took place on February 14, 2010. (*Id.*). Even though Jimoh explained this discrepancy, USCIS found no evidence in the record supporting his explanation. (*Id.* at 17-18). Further, the Plaintiffs submitted an authentication of the certificate of divorce and a default judgment, dated September 26, 2024, that state that both documents were "signed by both the judge and the registrar" on December 22, 2022. (*Id.* at 18). These documents

3

also contained a judiciary seal. (*Id.*). However, USCIS determined that because these documents were again issued before the Customary Court was inaugurated, the seal did not validate the documents' authenticity. (*Id.*). Based on these discrepancies, USCIS determined that Jimoh's Nigerian marriage had not been legally terminated, and he was therefore not legally married to McLean. (*Id.*).

The Plaintiffs filed this action in June of 2024, while their I-130 Petition and I-485 Application were still pending. The parties each moved for summary judgment, and those motions are presently before the Court.

## II. Legal Standards

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). The court should view the evidence and draw any inferences in the light most favorable to the nonmovant. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986).

4

The Administrative Procedure Act "sets forth the full extent of judicial authority to review executive agency action for procedural correctness." *F.C.C. v. Fox Television Stations, Inc.*, 556 U.S. 502, 513 (2009). District courts apply a narrow standard of review to agency decisions under the APA and are permitted to set aside agency action that is "arbitrary or capricious." *Id.* (quoting 5 U.S.C. § 706(2)(A)) (quotation marks omitted). This standard requires the agency to "examine the relevant data and articulate a satisfactory explanation for its action." *Id.* (quotation marks omitted). Moreover, a district court is not permitted to "substitute its judgment for that of the agency . . . and should uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Id.* at 513-14 (citation modified). To facilitate judicial review, the agency "must cogently explain why it has exercised its discretion in a given manner." *Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 48-49 (citations omitted). A district court is permitted to set aside an agency's decision "only if the agency relied on improper factors, failed to consider important relevant factors, or committed a clear error of judgment that lacks a rational connection between the facts found and the choice made." *U.S. Steel Corp. v. Astrue*, 495 F.3d 1272, 1279 (11th Cir. 2007) (quotation marks and citation omitted). To that end, district courts may not set aside an agency's decision under this standard "simply because the court is unhappy with the result reached." *Rodriguez v. U.S. Dep't of Homeland Sec.*,

5

808 F. App'x 973, 976 (11th Cir. 2020) (quotation marks and citation omitted). In this context, a substantial evidence standard applies, and such substantial evidence exists when a reasonable person could accept the evidence to support a conclusion. *See Venevision Prods. LLC v. Dir., Tx. Serv. Ctr.*, 680 F. App'x 802, 804 (11th Cir. 2017).

Under the Immigration and Nationality Act, certain relatives of U.S. citizens may petition for an immigrant visa based on their relationship to a U.S. citizen. 8 U.S.C. § 1151(a)(1). A U.S. citizen initiates the process by filing an I-130 Petition for Alien Relative to classify the beneficiary of the petition as an immediate relative under the INA. 8 U.S.C. § 1154(a)(1)(A)(i). If the I-130 petition is approved, the beneficiary may then apply for an adjustment of status to that of a lawful permanent resident. 8 U.S.C. § 1255(a). I-130 petitions may be filed by a United States citizen on behalf of their lawful spouse. 8 C.F.R. § 204.2(a)(1); *see also* 8 U.S.C. § 1154(a)(1)(A)(i). A U.S. citizen who files an I-130 petition on behalf of a non-citizen spouse bears the burden of demonstrating that the marriage was legally valid and bona fide at the time it was entered into by a preponderance of the evidence. *See* 8 U.S.C. § 1361; *Rojas v. Sec'y, Dep't of Homeland Sec.*, 675 F. Appx. 950, 953 (11th Cir. 2017). To that end, the citizen-petitioner is required to submit "proof of the legal termination of all previous marriages of both the petitioner and the beneficiary." 8 C.F.R. § 204.2(a)(2).

## III. Discussion

Because the parties' Motions for Summary Judgment address the same issues and arguments, the Court will address them together. The crux of the Plaintiffs' challenge is that USCIS "engaged in a plethora of speculatory and baseless suppositions" to support its conclusion that Jimoh's Nigerian divorce was not legally valid. (Pls.' Mot. for Summ. J., at 5). First, the Plaintiffs argue that the record contains a confirmation of the authenticity of the Customary Court's judgment and divorce decree, which affirms that Jimoh's marriage to Ineeneh was dissolved on June 5, 2017, and which conclusively establishes the fact of his divorce. (*Id.* at 10-11). The Plaintiffs also summarily conclude that "there is no evidence in the record to prove Defendants' assertion that Plaintiffs failed to meet their burden of proof" with regard to the validity of their marriage. (*Id.* at 11). Second, the Plaintiffs argue that they submitted substantial evidence establishing that their marriage was bona fide at its inception. (*Id.* at 11-13).

In its own Motion for Summary Judgment, the Defendants argue that USCIS's decision was neither arbitrary nor capricious because there was substantial evidence in the record—namely, unreliable documents with various dates—that brought the validity of Jimoh and Ineeneh's Nigerian divorce into question. (Gov't's Mot. for Summ. J., at 2, 10-11). The Defendants contend that the Plaintiffs improperly ask the Court to reweigh the record

7

evidence but that, because USCIS properly considered all of the record evidence and made a reasonable conclusion based on that evidence, its decision must be upheld. (*Id.* at 11-17).[2]

As an initial matter, the Plaintiffs' argument regarding the authenticity of their spousal relationship is not relevant to the inquiry before the Court. (*See* Pls.' Mot. for Summ. J., at 11-13). USCIS did not address the nature of the Plaintiffs' relationship in its order denying McLean's I-130 Petition; instead, USCIS addressed only the legality of their marriage with regard to whether Jimoh legally divorced Ineeneh in Nigeria. (*See* CAR, Doc. 20-1, at 16-18). The Court agrees with the Defendants that much of the Plaintiffs' argument essentially asks the Court to reweigh the evidence and come to a different conclusion than USCIS did. (*See, e.g.*, Pls.' Mot. for Summ. J., at 12 ("The weight of [the] evidence in the record clearly shows Plaintiffs provided significant evidence to prove, by a preponderance of the evidence, that the aforementioned marriage was indeed bona fide at its inception.")). On that note, the Court pauses to clarify here that the preponderance standard is not applicable at this juncture and that the substantial evidence standard applies

---

[2] The Defendants also argue that, because McLean's I-130 Petition was properly denied, this Court lacks jurisdiction to review Jimoh's I-485 Application denial. (Defs.' Mot. for Summ. J., at 17-18). The Defendants are correct that this Court lacks jurisdiction over claims regarding the decision to grant or deny adjustment of status. *See Kanapurma v. Dir., U.S. Citizenship and Immigr. Servs.*, 131 F.4th 1302, 1309 (11th Cir. 2025).

instead. *See Venevision Prods. LLC*, 680 F. App'x at 804. The Court's role is very limited here and, after a thorough review of the certified administrative record, the Court cannot conclude that USCIS's decision to deny McLean's I-130 Petition was arbitrary and capricious.

As USCIS noted in its decision, the record evidence raised doubt as to the validity of Jimoh's Nigerian divorce, given the documentation and testimony with conflicting dates as to when the divorce was legally finalized. (CAR, Doc. 20-2 at 28, 39, 179; Doc. 20-1 at 154, 155; Doc. 20-4 at 44, 47-48). Chief among these discrepancies is Jimoh's statements that he divorced Ineeneh in July 2017, (*see* CAR, Doc. 20-1 at 50), and November 2017, (*see* CAR, Doc. 20-2 at 39), but he now alleges the divorce was completed in June 2017, (Pls.' Mot. for Summ. J., at 10-11). Additionally, as the Defendants point out, affidavits provided by Jimoh's mother and former brother-in-law state that the marriage was dissolved in August 2017. (*See* CAR, Doc. 20-2 at 179, 228). Thus, the Plaintiffs' position that "there is no evidence in the record to prove [the Defendants'] assertion that Plaintiffs failed to meet their burden of proof" as to the legality of their marriage is flatly contradicted by the above cited documentation, and the Plaintiffs do not attempt to explain these discrepancies. Instead, they rely only on the documentation supporting the June 2017 date. (*See* Pls.' Mot. for Summ. J., at 10-11).

The other sticking point in USCIS's decision was the fact that the June 2017 divorce certificate contained a judiciary seal and USCIS determined that the Nigerian Customary Courts did not use seals. (CAR, Doc. 20-1, at 17). The Plaintiffs did submit an authentication of the certificate from the Customary Court of Ekiti State, Nigeria, which is dated September 26, 2024. (CAR, Doc. 20-4, at 47-48). That document states that a certified copy of the June 2017 divorce certificate was requested on December 22, 2022, and that the certified copy was validated with the official seal of the Ekiti State Judiciary, which was the "sole method for authenticating documents" issued by that court. (*Id.*). The document goes on to explain that the Customary Court was not officially inaugurated until February 2023. (*Id.*). The Plaintiffs insinuate that USCIS failed to consider this document. However, as USCIS noted, this authentication did not explain the use of the judiciary seal on the divorce certificate because the certificate states that it was issued by the "Customary Court of Ekiti State of Nigeria" in June of 2017, even though the Customary Courts were allegedly not inaugurated until nearly five years later. (CAR, Doc. 20-1, at 17-18). The Plaintiffs have not attempted to explain or rebut this conclusion in their Motion for Summary Judgment. Thus, the Court cannot conclude that USCIS's determination that the June 2017 divorce certificate's authenticity could not be verified was arbitrary or capricious.

For all of these reasons, the Court finds USCIS's decision—specifically, its determination that Jimoh's Nigerian divorce could not be verified—was supported by substantial evidence in the record. As far as the APA is concerned, USCIS was required only to consider the evidence and articulate a satisfactory explanation for its action, and it has done so here. *Fox Television Stations, Inc.*, 556 U.S. at 513-14. While the Court is sympathetic to the fact that the Plaintiffs have children together and have built a life in the United States, the Court is not permitted to set aside USCIS's decision under these circumstances, even if it leaves a less than desirable result. *See Rodriguez*, 808 F. App'x at 976. Here, USCIS explained the reasons for its decision in detail and a reasonable person could accept the discrepancies in the record for the conclusion that Jimoh's Nigerian divorce was not lawfully completed. McLean was required to submit *proof* of the legal termination of all of Jimoh's prior marriages; it was not enough to submit documentation that could lead to an *inference* that the marriages were terminated. *See* 8 C.F.R. § 204.2(a)(2). As such, its conclusion that McLean failed to establish that her marriage to Jimoh was legally valid at its inception was neither arbitrary nor capricious. *See* 5 U.S.C. § 706(2)(A); *see also* 8 U.S.C. § 1361; *Rojas*, 675 F. Appx. at 953. Accordingly, the Plaintiffs' Motion for Summary Judgment is denied, and the Defendants' Motion for Summary Judgment is granted.

## IV. Conclusion

For the foregoing reasons, the Plaintiffs' Motion for Summary Judgment [Doc. 17] is DENIED and the Defendants' Cross-Motion for Summary Judgment [Doc. 24] is GRANTED.

SO ORDERED, this  17th  day of December, 2025.

/s/ Thomas W. Thrash<br>
THOMAS W. THRASH, JR.<br>
United States District Judge